HULL, Circuit Judge,
dissenting:
I agree with the bankruptcy court and district court that Andreini was the initial transferee of the Pony transferred funds under 11 U.S.C. § 550 because Andreini advanced Pony’s premiums to the insurers more than three weeks before the transfer; Andreini advanced the premiums before waiting for Pony’s check to clear, thereby extending credit to Pony; there were no premiums due to the insurers at the time of the transfer; Andreini no longer had any obligation to forward the transferred funds to the insurers and did not; and thus Andreini exercised control and dominion over the transferred funds when it used them to repay Pony’s debt to An-dreini. Further, in my view, Andreini is in a materially different position than the bank in Nordberg v. Societe Generate (In re Chase & Sanborn Corp.), 848 F.2d 1196 (11th Cir.1988) because (1) three weeks passed between Andreini’s premium payment and Pony’s transfer, and the transaction was not “effectively simultaneous,” and (2) Andreini did not “know with absolute certainty” that Pony was wiring money to cover the premiums at the time Andreini paid them; rather, Andreini automatically paid the premiums with no assurance of payment from Pony and had Pony’s check returned for insufficient funds twice before being repaid three weeks later. See id. at 1201. Because I would affirm in this case, I respectfully dissent.